Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CLAIRE JAYNES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GRYPHON SOLUTIONS, LLC, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.: SACV13 - 00099 DOC (ANx)<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

//

//

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Venue in this District is proper in that the Defendants are located here and transact business here.

## III. PARTIES

3. Plaintiff CLAIRE JAYNES is a natural person.

4. Defendant GRYPHON SOLUTIONS, LLC is a business collecting debts in California operating from an address at 17772 Irvine Blvd. Suite 203, Tustin, CA 92780.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

//
//

## IV. FACTUAL ALLEGATIONS

9. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

10. At a time unknown, GRYPHON acquired information regarding an alleged debt (the "DEBT") that it claimed Plaintiff owed.

11. GRYPHON employed the services of Jay Tenenbaum to contact Plaintiff in an attempt to collect the DEBT.

12. On June 4, 2011, according to the state bar website, the state bar of California suspended Mr. Tenenbaum "for five years, stayed, placed on probation with an actual three-year suspension."

13. On or around July 10, 2012, Mr. Tenenbaum contacted Plaintiff in an attempt to collect the debt and identified himself as an attorney.

14. In or around early July 2012, Mr. Tenenbaum contacted a third-party and disclosed details about the DEBT and identified himself as an attorney.

15. At the time Mr. Tenenbaum represented himself as an attorney he was not eligible to practice law and led Plaintiff to believe he was eligible to practice law.

16. On August 18, 2012 Mr. Tenebaum was disbarred and pursuant to the state bar's stipulated disposition ("the Stipulation") filed in the state bar court in case number 11-O-15186, "Despite his actual suspension which began on June 4, 2011, [Mr. Tenenbaum] continued to practice law and to hold himself out as eligible to practice law in numerous lawsuits throughout California."

17. The Stipulation further stated that "while [Mr. Tenenbaum] was on actual suspension, [he] continued to provide legal services to Gryphon Solutions, LLC in several collection matters…"

18. As a result of the acts alleged above, Plaintiff suffered emotional distress.

//

## V. FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

19. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

20. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692b(2) by communicating with persons other than the Plaintiff and stating that the Plaintiff owes debt;

    (b) The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

    (c) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, misleading representations or means in connection with the collection of a debt;

    (d) The Defendants violated 15 U.S.C. § 1692e(3) by giving the false impression that an individual was an attorney and/or that a communication was from an attorney;

    (e) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer; and

    (f) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

21. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

//
//
//
//

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)  Actual damages;

    (b)  Statutory damages pursuant to 15 U.S.C. §1692k;

    (c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    (d)  For such other and further relief as the Court may deem just and proper.

Date: _____

_____
Jeremy S. Golden,
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: _____

_____
Jeremy S. Golden,
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### SACV13- 99 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CLAIRE JAYNES | CASE NUMBER |
| PLAINTIFF(S) | SACV13- 99 DOC (ANx) |
| V. | |
| GRYPHON SOLUTIONS LLC ET AL. | NOTICE TO PARTIES OF |
| DEFENDANT(S) | COURT-DIRECTED ADR PROGRAM |

**NOTICE TO PARTIES:**

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. See Civil L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. See Civil L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. See General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to Civil L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties before the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. See Civil L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Dated: Tuesday, January 22, 2013

Clerk, U.S. District Court

By: DLAGMAN

Deputy Clerk

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
**Counsel are required to furnish and discuss this Notice with their clients.**

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediationsession. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come prepared to discuss the parties' choice of ADR option (settlement conference before a magistrate judge; Court Mediation Panel; private mediation) at the initial scheduling conference. Counsel are also required to indicate the client's choice of ADR option in advance of that conference. See Civil L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Of the more than 9,000 civil cases filed in the District annually, less than 2 percent actually go to trial. The remaining cases are, for the most part: settled between the parties; voluntarily dismissed; resolved through Court-directed or other forms of ADR; or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Name & Address:
Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
Phone: 619-476-0030; Fax: 775-743-0307

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE JAYNES, an individual,<br><br>PLAINTIFF(S)<br>v.<br><br>GRYPHON SOLUTIONS, LLC, and DOES 1 through 10 inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV13 - 00099 DOC (ANx)<br><br>SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Jeremy S. Golden_____, whose address is _3130 Bonita Road, Suite 200B, Chula Vista, CA 91910._____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JAN 2 2 2013__    By: __DODJIE LAGMAN__
                                Deputy Clerk

                                (Seal of the Court)


*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (10/11)                              SUMMONS

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CLAIRE JAYNES, an individual,

**DEFENDANTS**
GRYPHON SOLUTIONS, LLC, and DOES 1 through 10 inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Jeremy S. Golden (SBN 228007), Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B, Chula Vista, CA 91910
Phone: 619-476-0030; Fax: 775-743-0307

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV13 - 00099 DOC (ANx)

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                            ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                            ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                            ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Sacramento County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 01/16/2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |